Very well. Counsel, please proceed. Good morning. May it please the court. My name is Matt Loker and I represent the appellant, Ms. Suthima Pongsai. I'd like to reserve two minutes of my time for rebuttal and I will watch the clock. Very well. In this appeal, Ms. Pongsai requests this court vacate the judgment obtained by American Express based upon orders made by the district court during trial that we believe constitute an abuse of discretion that more probably even not tainted the verdict. In leading up to trial, the parties reached agreements that were documented within the final pretrial conference order and two such agreements that are relevant to this appeal relate to the exhibits as well as claims that the jury would decide at trial. For the exhibits, the parties agreed that everything on the joint exhibit list would be admitted at trial without objection. In terms of the claims, the parties agreed that the jury would only consider two issues.  As well as the damages and included penal damages. And this order was signed by the district court on April 1st, 2021. And then for the next six weeks leading up to trial, Pongsai's trial team, what we did is we crafted our story and how we wanted to tell this story fully in reliance upon the agreements within the order. From the witnesses that we called and the order that we called those witnesses and the exhibits that we wanted to get in and through each of those witnesses. Counsel, I respect what you're saying. And I actually read the pretrial order like you do. But what I'm concerned about, it seems like Judge Carter, metacolically, I don't know whether you were the trial lawyer or not, but it seems like there was a discussion in which the judge said, in effect, I'm gonna let this expert come in and testify, but referring to some of these documents that you wanted to get in, that was arguably hearsay. And that, in fact, occurred. There was some discussion with the jurors about this is hearsay, but under the rules that can happen. So I guess what I'm struggling with is, why isn't this harmless error? Even if you're right about what the pretrial order said, why isn't this harmless error? Correct. We've been looking at, with your question, trial exhibits 6, 8, and 12. And those were discussed with Evan Hendricks. And those exhibits, in particular, deal with the reinvestigation results from both Experian and TransUnion. So the reason we think that it rises above harmless error, even with the discussion with the expert, is the fact that the jury asked a question specifically about those exhibits. When we received the question, they asked, where in the record can we find trial exhibits 6, 8, and 12? So our impression of that question is, even though there was a discussion with Judge Carter during trial, and when I was doing my direct with Mr. Hendricks, even though those discussions happened on the record, the jury may have missed it or may have misunderstood what was discussed over the multiple days of testimony, because they specifically wanted to know where in the trial binder those were. So we received the question, and counsel and I craft an answer and say, I'm sorry, jury. Those hearsay objections were sustained. There's nothing within a trial binder for you to look at regarding that question. And then 40 minutes later, the jury renders their verdict. But what about the stipulation? When the district judge was discussing those exhibits and said, I'm going to exclude them because of hearsay, but I'm gonna allow the information in, and then the parties crafted the stipulation that was read to the jurors. So it was more than just expert testimony. How do we have any error, or how is this harmful at all, when the information was given to the jurors? And it's the same response. So we think that with the stipulation and discussion with Mr. Hendricks, that the jury somehow just missed or didn't hear it. So when they come to us after four hours of deliberation and wanna know where is this evidence in the trial binder, and we don't have it. Well, couldn't you have just pointed them to the stipulation? I mean, you stipulated to the content of the documents, right? That's an accepted fact that those documents showed the results of the reexamination. And in the question for the jury, we had to come up with a joint agreement on what we would submit back to the jury, and the joint agreement only involved saying that the exhibits 6, 8, and 12 were not in the record due to the hearsay objection. So we couldn't point back to the stipulation because it wasn't jointly agreed upon by counsel in responding to the jury's question. And your basis for saying there was an objection is, as I see it, based on two things. First, counsel's representation is that there was a discussion off the record. And then second, that there was an email from opposing counsel that somehow substantiated that these objections occurred. This is problematic because that would require us to rely on two things that are not part of the district court record, an off the record discussion and an email between counsel after the trial. So how can we consider those non record... That non record evidence? My apologies. And in looking at Drie Games of Arizona and 9th Circuit decision, what we didn't have to do is when there's an order off the record. So what happened with Judge Carter is before we went on the record with the jury, there was a discussion about the final pretrial accomplice order where it was unequivocally conveyed to counsel that we wouldn't be following that for purposes of a trial. So immediately after that discussion, we go on the record for voir dire and opening as in the direct examination. So in order to establish the record, what I would have had to have done with the witnesses is completely ignore what we just discussed with Judge Carter moments ago and act as if... But the cases you're citing deal with motions in limine where an issue has been briefed before the court and then we have held that you don't have to restate the objection. But here there's no motion in limine. There's no pretrial motion. There's a purported discussion off the record that we don't have before us. And then you didn't object. I think that's undisputed. There were no objections when the hearsay objections were made. There was no dispute as to whether these documents were hearsay. Because again, moments before on the record with Judge Carter, we had that discussion and it didn't make it into the record. And what we didn't think we had to do by looking at Dream Games Arizona is immediately go on the record with Judge Carter and act as if that discussion didn't occur. So how did this off the record conversation happen? Did you realize you were not on the record? It was the morning of trial. We had a couple of hiccups in terms of technology and what was gonna work in the courtroom. And we were focused on getting our witnesses ready. And the court reporter is there, but just we didn't have it on the record. So all counsel is there, the witnesses are there. It's before the jury was impaneled. We started at 7 or 7.30 in the morning and we're doing the pretrial discussions and it didn't make it into the record. So to follow the waiver argument, we would have just had to, like I said, pretend that discussion didn't happen and object to it and go through that same discussion on the record again, which to me felt like it would have been disrespectful to Judge Carter to pretend we didn't have that discussion. It was unequivocal. There's no doubt in our minds that that order, the final pretrial, a consular is not gonna be followed. As you know, in order to overcome a jury verdict at this stage, you have to show prejudice. And what I struggle with here is that although the jury may have asked for these specific exhibits, they were told what was in the exhibits by the expert and perhaps other evidence that my colleague referred to. So how do you establish prejudice in this setting? And there's two points there. So number one, in line with our earlier discussion, we looked at the oral discussions on the record with the jury versus their question that came about after that. So our impression is that the jury more probably than not, in order to establish prejudice, maybe didn't understand the context of how it's presented to the court. But don't we presume that the jury understood what had been told and that it acted lawfully? But can we assume the jury didn't understand any of this? Well, we're just looking at the jury's conduct. And our second point, which is different than what we're discussing here, is that within the final pretrial comments order as well, the only issues that the jury were to decide were the questions of reasonableness of the investigation as well as damages. These documents go towards verification of the debt, sorry, in response to Ms. Ponce's credit reporting dispute. So that's not even a question the jury was supposed to answer. But the stipulation was a stipulation that Amex verified the debt when it responded to the credit agencies, right? So that very factor that you're saying was prejudicial to you was stipulated to the jury. Correct. And the questions the jury was supposed to answer were only supposed to deal with reasonableness of the investigation and the damages. So again, when we were crafting our story and how we're gonna talk to the jury at trial, those were the focuses of our pretrial preparation and what we intended to present. But the jury considered all of those elements. And the question they asked related to an element that was supposed to be undisputed. Do you wanna save any of your time? I do, Your Honor. Thank you. Very well. Alright. Let's hear from counsel for American Express, Mr. Spooner. Thank you, Your Honor. May it please the court. My name is Gabriel Spooner, and I represent American Express National Bank. I'm going to focus my arguments today on several of the issues raised in appellant's reply brief, as well as the oral argument earlier today. First, I would say that appellant's use of the email to prove the issues on appeal were substantively raised and addressed by the district court is in direct violation of federal rules of appellate procedure 10. Federal rules of appellate procedure 10 state that if any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly. And I would place in this case, the record on appeal is the transcripts, the clerk's record, and the docket entries, not the email that counsel sent after the trial. What counsel should have done, or appellant should have done, was taking the steps indicated in Rule 10 C or D, which is either to submit a statement of evidence that appellees could either object to within 14 days or amend, and then have the district court sign off on that. Or the second option is 10 D, provide a joint agreed to statement as to the record on appeal, again, for the court, for the district court to sign off on. The purpose of that is that because we don't have a record of the objection or the reference that was made prior to the trial starting, we don't have an understanding as to the district court's reasoning for why he made those particular rulings or orders. And so to the extent that a record had to be addressed by this court or conformed, those two steps should have been to either of those two steps should have been taken by the appellant, and they weren't. So your position is that we cannot consider the email? Is that your view? That is my position, Your Honor, because that is outside the record and wasn't considered by the district court. I can get into exactly what the discussion was prior to trial. But the issue remains is that it was never properly before the court, and it was never raised to the court in any post trial motion. And so the court never fully understood the argument that the appellant was trying to make, and that's because it was never fully made to the court. It was an offhanded remark. Your your brief say says that the plaintiff appellants didn't raise the issue on the record at the time of trial or in a post trial motion. But you do not directly address their assertion that this objection was made off the record before the trial commenced in the court reporter just didn't record it. So are you agreeing that this conversation occurred that the district court made these statements that the court would not follow the pretrial statement? I'm not agreeing to that, Your Honor. Um, what happened if we if we want to get into something that was off the record? But were you trial counsel? Yes, Your Honor. Very well. Thank you. What did happen, Your Honor, was when we arrived at court prior to the start, um, opposing counsel believed that that there were issues with the final pretrial order signed by the court that differed from the amended final pretrial order that the parties entered. And when that issue was raised to the court off the record, Judge Carter, the district court essentially said, work it out between the two of you. And it wasn't substantively discussed. And when when counsel and I got together and discussed the issue, we didn't resolve it, and it was never raised again to the court. That's why the court has never actually had this substantively in front of it, because it was never substantively discussed. The issue was that the issue raised was we believe that there is a conflict with the pretrial order, but not the substance of that discussion. The court asked us to to in any of the court records. So we believe that that issue or those issues were completely waived because we don't have any understanding as to the court's decision on that issue, and it should have been taken care of based on federal rule of appellate procedure number 10. So, Counsel, I think the follow up on Judge Bay's question. So I feel like this is the first time we're hearing what you just said, because when we read the briefing, I couldn't tell whether or not you were, you know what appellants are saying happened actually happened. But you were relying on the fact that that it all happened off the record, or if you disagreed with what they said happened happen, which sounds like this morning you're telling us you disagree with their side of the story of what even happened in this off the record discussion. Is that right? Correct, Your Honor. I and again, my email says reference or objection, and I think that's the distinction that I'm trying to make is that this issue or these issues were raised but not substantively to the court because the court never actually heard what the issues were or what the differences were with the final pretrial order versus the amended pretrial order. All they heard was that there was an issue. And again, if you look at that, plaintiffs are claiming that this was a surprise and a death knell to their case. But they actually came into court that morning with that issue before anything ever came up. The only time this issue should have came up if they were indeed following the final pretrial order by the court is if I had made an objection during trial, and then they said, No, Your Honor, that's or if they came in or if I made arguments regarding requirements that they didn't have to meet, they could say, No, Your Honor, that doesn't comply with the final pretrial order on what we have to prove. But they came in knowing that there was differences, and I think we're trying to use that to keep that in their back pocket should they lose the case. And that's exactly what happened. So again, the district court has never substantively had this information before them. And so there's nothing there is no abuse of discretion to even look at. Well, can I can ask you to turn to the stipulation? So when I ask your opposing counsel about the stipulation and why that wasn't sufficient to submit the substance of the excluded documents to the jurors, he noted the jurors question and that in response to that stipulation. But instead, the agreed upon response was simply that those documents were not admitted in evidence. I'd like you to respond to his position on that and also explain why the stipulation wasn't mentioned to the to the jurors. Yes, Your Honor. I to be candid, I don't recall the exact conversation that I had with counsel in regards to how to respond to the jurors question and why we didn't reference the stipulation. As I sit here today, I wish we did. It was in the record and it was substantively discussed. The stipulation was made before the court and to to discuss counsel's argument with regards to timing. We're just looking at a post hoc ergo proctor hawk fallacy, which is essentially that because the jury asked for these documents 40 minutes or an hour before it rendered its verdict, that somehow that had some effect on them. The only party that that actually stayed after and talked to the jury following the verdict was American Express. And in a post trial motion, appellants claim that they they would have no opportunity to know why the jury asked for those documents. Well, that that's untrue. If they asked one of the jury members why they wanted those documents, they could have found out. I actually know the answer to that question. It's outside of the record, but that's part of the issue that we're dealing with here is that they waived all those those arguments, and they don't have any basis to claim that there was actual prejudice. Because, as your honors have discussed, the stipulation was entered, understood or should have been understood by the jury, and it was substantively discussed with them as well. I think time is up. Let me ask my colleagues. Does either have any additional questions? I think not. Thank you, Mr Spooner. So, uh, Mr Looker, you have some more time. Thank you, Your Honor. In connection with our request to have the judgment vacated, we contend again that the it was an abuse of discretion for the district court to not follow the final pretrial comments order. And that document was clear in terms of what's coming in without objection and what claims needed to be tried by the jury. And in terms of being more probably than not an issue that affected the jury's verdict, we can't conclusively say whether it was the exhibits keep staying out or not. Do you agree with respect to the email with what your opposing counselors said? If I understood incorrectly, he said that issue was discussed by the two of you, perhaps out in the hallway or something. You didn't reach agreement, and Judge Carter was not brought into that discussion. Is that correct from your perspective? And so I understand your question with two different things. So one with the emails not being part of the record and to the pretrial discussion before Judge Carter. I wasn't sure exactly. Again, maybe I need to understand the facts better. My understanding was when the email issue came up that you two had a conversation and were unable to resolve your dispute. My understanding thereafter from opposing counsel was that Judge Carter never got involved. Other to say you couldn't reach an agreement about it. Is that correct? I don't agree with that. And in terms of the email, the reason those were submitted with the reply brief is because I didn't expect this waiver issue to be a focus of American Express's answer brief. But isn't it problematic that you tell us that one thing occurred off the record in the discussion with the court, and opposing counsel tells us something else. So what we have are two competing versions of what occurred off the record. I mean, this is the reason why we look at the record. So what are we supposed to do with that? How can we make a determination of what occurred off the record? We were at counsel table during this discussion, and perhaps if we need to go back to Judge Carter and discuss the rationale for not following the final pretrial comps order, we could remand it back in for that discussion. But we were at counsel table immediately before the juries and paneled, having this discussion about the exhibits and the final pretrial comps order. And again, my recollection is not in the record, so I don't wanna put words in the court's head. But what we had planned for the six weeks leading up to trial is based upon this document. We found out the morning of trial, we're not gonna follow the document and have to present a very different trial than what we planned. So we had plan A, B, C, D, and E for how we're gonna proceed at trial. But is it not correct that all of the documents and what was in the documents was presented to the jury? They got that information, right? They didn't get all the documents, no. Okay, what did they miss? They missed trial exhibits 6, 8, and 12, and there's additional documents that are excluded. But I believe what you might be referring to is a stipulation about what the document said. So... Perhaps that's a better way to describe it. I'm sorry, I misunderstood your question as I was answering, I realized. No, I didn't say it right, but in any event. Other questions by my colleague? Alright, very well. Thank you to both counsel for your argument. In this case, case of Ponzi versus American Express Company is submitted.
judges: SMITH, BADE, VANDYKE